UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00693-GCM
(3:00-cr-00136-GCM-4)

| | |
|---|---|
| JOHN JERMAINE BECKHAM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Petitioner John Jermaine Beckham's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, seeking relief from his sentence as a career offender. (Doc. No. 1.) The United States does not oppose the Court granting Beckham relief under the circumstances of this case and resentencing him to time served. See Resp. to § 2241 Pet. (Doc. No. 4), at 1.

**I.    BACKGROUND**

On January 1, 2001, Beckham pled guilty, pursuant to a plea deal, to conspiracy to distribute and to possess with intent to distribute in excess of 50 grams of cocaine base after having been convicted of prior felony drug offenses in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), 846, and 851 (Count One). See United States v. Beckham, 3:00-cr-00136-GCM-4 (W.D.N.C.), Doc. Nos. 50, 54.[1] In exchange, the United States dismissed the other charge against Beckham – aiding and abetting possession with intent to distribute more than five grams of cocaine base after having previously been convicted of prior felony drug offenses in violation

---

[1] Documents from Beckham's underlying criminal case, 3:00-cr-00136-GCM-4, are cited by docket number without parentheses, while documents from this civil action, 3:19-cv-00693-GCM, are cited by docket number within parentheses.

1

of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), 851, and 18 U.S.C. § 2 (Count Six) – and amended its previously filed § 851 Notice of Intention to Seek Enhanced Penalties to allege only one prior felony drug conviction, instead of four. See id., Doc. Nos. 50, 56.

Applying the 2000 Sentencing Guidelines Manual, a probation officer prepared a presentence report ("PSR") recommending application of the career offender enhancement based on Beckham's prior North Carolina convictions for an attempted common law robbery offense and a 1998 cocaine distribution offense. PSR at ¶ 26, id., Doc. No. 195. Based on Beckham's total offense level of 34 and criminal history category of VI, the probation officer calculated a guidelines range of 262 to 327 months of imprisonment. PSR at ¶¶ 28, 41, 67. Because of Beckham's 1998 state drug conviction, the statutory mandatory minimum sentence was 240 months of imprisonment. PSR ¶ 66; see also § 841(b)(1)(A) (2000).

The probation officer noted that had the United States not amended the § 851 notice, Beckham would have faced a mandatory life sentence. PSR § 68. On the other hand, without the career offender and statutory enhancements, Beckham's total offense level of 31 and criminal-history category of V would have resulted in a guidelines range of between 168 and 210 months in prison. PSR ¶¶ 25, 41.

Beckham did not object to the PSR. See Sent. Tr. at 3, Doc. No. 197. This Court sentenced Beckham to 300 months of imprisonment, stating that this sentence was "an adequate sanction under the circumstances" and gave some benefit to Beckham. Sent. Tr. at 6. The Court entered its judgment on April 4, 2003. J., Doc. No. 152.

Beckham filed a direct appeal on January 17, 2006, see Not. of Appeal, Doc. No. 176, which the Fourth Circuit Court of Appeals ("Fourth Circuit") dismissed as untimely, see April 28, 2016 Order on Appeal, Doc. No. 183. Thereafter, Beckham filed his first motion to vacate,

2

set aside or correct sentence under 28 U.S.C. § 2255, on July 17, 2006, see Doc. No. 190, which this Court dismissed as time-barred, see Beckham v. United States, 3:06-cv-00292-GCM, 2006 WL 2077561, at *4 (W.D.N.C.), appeal dismissed, 210 F. App'x 288 (4th Cir. 2006). This was followed by: 1) another § 2255 motion, see Beckham v. United States, 3:11-cv-00627-GCM, 2011 WL 6186956 (W.D.N.C. Dec. 13, 2011); 2) a petition for writ of habeas corpus under 28 U.S.C. § 2241 and alternative request for relief based on the writs of *coram nobis* and *audita querela*, see Beckham v. United States, 3:13-cv-00558-FDW, 2013 WL 6670326 (W.D.N.C. Dec. 18, 2013), aff'd, 592 F. App'x 223 (4th Cir. 2015); and 3) a third § 2255 motion (post-Johnson v. United States, 135 S. Ct. 2551 (2015)), see Beckham v. United States, 3:16-cv-00470-GCM, 2018 WL 6018864 (W.D.N.C. Nov. 16, 2018), appeal pending, No. 19-6040 (4th Cir.). This Court dismissed or denied all of Beckham's habeas applications.

Beckham, through counsel, filed this § 2241 Petition in December 2019. Beckham contends that his sentence is based on an erroneous career-offender designation under the then-mandatory Sentencing Guidelines and that he is entitled to habeas relief under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), and Lester v. Flournoy, 909 F.3d 708 (4th Cir. 2018). Beckham requests that the Court vacate his sentence and impose a reduced sentence of time served. Without waiving its argument that Wheeler and Lester were wrongly decided, the United States does not oppose granting Beckham relief under the circumstances of this case and reducing his sentence to time-served. See Resp. to § 2241 Pet. (Doc. No. 4), at 1.

## II. LEGAL STANDARD

Beckham challenges the legality, not the execution of his sentence. "[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their

3

convictions and sentences through [28 U.S.C.] § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010). When a federal prisoner is barred from seeking habeas relief through § 2255, he may still seek a writ of habeas corpus pursuant to 28 U.S.C. § 2241 through § 2255's savings clause, § 2255(e), which is available when a § 2255 motion "proves inadequate or ineffective to test the legality of . . . detention." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). Section 2255 is inadequate and ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of [the Fourth Circuit] or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018) (citation omitted).[2]

### III. DISCUSSION

#### A. Jurisdiction

With respect to the first prong of the Wheeler test, Beckham's sentence was legal under settled Fourth Circuit and/or Supreme Court law, when it was imposed. The career offender guideline, U.S.S.G. § 4B1.1, increases the adjusted offense level for any defendant convicted of a felony offense that is either a crime of violence or a controlled-substance offense who has at least two prior felony convictions of either a crime of violence or a controlled-substance offense. Section 4B1.2 defines both "crime of violence" and "controlled-substance offense" to include an offense "under federal or state law, punishable by imprisonment for a term exceeding one year."

---

[2] The Court concludes that it has venue over this § 2241 petition. Although Petitioner is presently incarcerated at FCI Loretto in Loretto, Pennsylvania, the United States has waived the venue issue, see § 2241 Pet. (Doc. No. 1), at 2. See Rumsfeld v. Padilla, 542 U.S. 426, 442-43, 434 n.7 (2004) ("jurisdiction" in the context of § 2241(a) traditionally lies in the district of confinement, but is distinct from subject-matter jurisdiction); Kanai v. McHugh, 638 F.3d 251, 258 (4th Cir. 2011) (§ 2241(a) refers to either venue or personal jurisdiction, both of which are subject to waiver).

4

Under settled Fourth Circuit precedent at the time, an offense was considered punishable by more than one year in prison as long as *any* defendant could receive a term of imprisonment of more than one year upon conviction for that offense. See United States v. Harp, 406 F.3d 242 (4th Cir. 2005); United States v. Jones, 195 F.3d 205 (4th Cir. 1999). Beckham's prior 1998 conviction for cocaine distribution qualified as a "controlled substance offense," then, because under Fourth Circuit precedent, "the maximum aggravated sentence" for that offense would have exceeded 12 months for a hypothetical defendant "with the worst possible criminal history." Harp, 406 F.3d at 246.[3]

Subsequent to Petitioner's direct appeal and first § 2255 motion, the Fourth Circuit abrogated its earlier decisions in Jones and Harp, holding in United States v. Simmons, that an offense qualifies as a predicate "felony drug offense" for purposes of § 841(b)(1) and is punishable by more than one year in prison only if that defendant could have received a sentence of more than one year in prison. See, 649 F.3d 237, 247 (4th Cir. 2011). Thus, Beckham's prior conviction for distributing cocaine in violation of N.C. Gen. Stat. § 90-95(a), see PSR ¶¶ 26, 35, no longer qualifies as a predicate felony drug offense. Beckham's judgment[4] for that offense shows the offense was a Class H felony, that Beckham's prior record level was II, and that the court found no aggravating factors. See Prob. Revoc. J. (Doc. No. 1-1). As a result, state law provided for a presumptive minimum term of 6 to 8 months and a corresponding maximum term of 10 months. See N.C. Gen. Stat. § 15A-1340.17 (2003).[5] Beckham was sentenced to 8 to 10 months of imprisonment. See Prob. Revoc. J. (Doc. No. 1-1), at 1.

---

[3] Beckham's attempted common law robbery offense is not an issue in this civil action.

[4] Beckham was convicted of this offense in 1996, but the state court revoked his suspended sentence for violations of probation in 1998. See Prob. Revoc. J. (Doc. No. 1-1).

[5] The sentencing grid applicable to offenses committed between December 1, 1995, and December 1, 2009, is available at http://www.nccourts.org/Courts/CRS/Councils/spac/Sentencing/Punishment.asp.

The Fourth Circuit initially held that Simmons was procedural, not substantive, however, and therefore did not apply retroactively. See United States v. Powell, 691 F.3d 554, 559–60 (4th Cir. 2012); United States v. Peters, 2013 WL 1943801, at *1 (4th Cir. May 13, 2013) (unpublished) ("In Powell, we held that . . . Simmons [is] not retroactively applicable."). In August 2013, the Fourth Circuit reversed itself in Miller v. United States and held that Simmons was a new rule of substantive criminal law that applied retroactively to cases on collateral review. 735 F.3d 141, 146 (4th Cir. 2013). Accordingly, Beckham meets the second prong of the Wheeler test.

Beckham also meets the third prong of the Wheeler test, as he cannot meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions. Finally, under the holding in Lester v. Flournoy, Petitioner meets the fourth prong of the Wheeler test. See 909 F.3d 708 (4th Cir. 2018). Beckham was sentenced prior to United States v. Booker, 543 U.S. 220 (2005), when the Sentencing Guidelines were considered mandatory. Without application of the career offender guideline, Beckham's statutory mandatory minimum sentence would have been 240 months under § 841(b)(1)(A). See PSR ¶ 66. The same prior North Carolina drug conviction used to support the career offender enhancement also was used to support the § 841(b)(1)(A) enhancement, see Am. § 851 Not., Doc. No. 56, however, and without that statutory enhancement, Beckham's mandatory guidelines range would have been 168-210 months. As noted, Beckham was sentenced to 300 months in prison; as such, application of the career offender guideline is sufficiently grave to be deemed a fundamental defect under Lester, 909 F.3d at 712-714.

Beckham has satisfied all four Wheeler requirements, and § 2255 is inadequate and ineffective to test the legality of his detention. Accordingly, this Court may consider the merits

6

Case 3:19-cv-00693-GCM   Document 5   Filed 05/19/20   Page 6 of 8

of his petition under § 2241.

B. **Merits Review**

Beckham was subject to a statutory mandatory minimum of 20 years in prison and 10 years of supervised release based on a prior conviction that no longer constitutes a "felony drug offense" under Simmons and cannot support either an enhancement under 21 U.S.C. § 841(b)(1)(A) or application of the career offender Sentencing Guideline. Beckham argues, and the United States concedes, that without application of the prior "felony drug offense" conviction, Beckham would have been subject to a mandatory minimum sentence of 10 years in prison, see § 841(b)(1)(A) (2000), and a Sentencing Guideline range of between 168 and 210 months in prison.

"[A] defendant has a due process right to have the trier of fact 'exercise . . . its statutory discretion' when imposing a sentence." Lester, 909 F.3d at 715 (quoting Hicks v. Oklahoma, 447 U.S. 343, 346 (1980)). Beckham's due process right to "this appropriate exercise of discretion" was denied here because application of a prior conviction that no longer constitutes a "felony drug offense" and erroneous designation as a career offender produced a mandatory sentencing floor and mandatory sentencing range that were much higher than the correct sentencing floor and sentencing range. Lester, 909 F.3d at 715. As such, Beckham is entitled to relief under § 2241.

IV. **CONCLUSION**

For the reasons stated above, the Court shall grant the § 2241 petition. Because Beckham already has served more than 210 months in prison for his underlying conviction, the Court will amend his judgment, sentencing him to time served plus ten days.

**IT IS THEREFORE ORDERED that**:

1. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) is **GRANTED**;

2. Petitioner's commitment to custodial authorities is reduced to time served plus ten (10) days, and Petitioner's subsequent term of supervised release is reduced from ten (10) years to five (5) years; and

3. The Clerk of Court will certify copies of this Order to the U.S. Bureau of Prisons, U.S. Marshals Service, and U.S. Probation and Pretrial Services Office.

**IT IS SO ORDERED.**

Signed: May 18, 2020

Graham C. Mullen
United States District Judge